IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA BUCKEL<br>1741 Dakota Street<br>East Liverpool, Ohio, 43920 | )<br>)<br>)<br>) | CASE NO:<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | |
| EAST LIVERPOOL CITY HOSPITAL<br>AUXILIARY, INC.<br>c/o Statutory Agent<br>David M. Stacey<br>16639 St. Clair Avenue<br>East Liverpool, Ohio 43920 | )<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT** |
| | )<br>) | (Jury Demand Endorsed) |
| -and- | )<br>) | |
| MARY ANN REUTER<br>931 Summit Street,<br>Salem, Ohio 44460 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff Rebecca Buckel, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

### PARTIES.

1. Buckel is an individual residing in Columbiana County, Ohio.

2. East Liverpool City Hospital Auxiliary, Inc. ("Defendant") is a non-profit corporation with its principal place of business located in Columbiana County, Ohio.

3. During all times material to this Complaint, Defendant was Buckel's "employer" within the meaning of Section 3(d) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d).

4. Reuter is, and at times referenced herein, was the coordinator for Defendant and acted as Buckel's supervisor and/or manager.

5. Reuter supervised and/or controlled Buckel's employment with Defendant; controlled the day to day operations of the Defendant, to include its compensation policies and practices; acted directly or indirectly in the interest of Defendant in relation to its employees; and was an employer within the meaning of section 3(d) of the FLSA and Section 34a, Article II, of the Ohio Constitution.

## PERSONAL JURISDICTION.

6. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

7. Buckel performed work in this judicial district, was paid unlawfully by Defendants pursuant to work performed in this district and/or was hired out of this district.

8. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE.

9. This Court has jurisdiction over the subject matter of this action under the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Buckel's state law claims because those claims derive from a common nucleus of operative facts.

11. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and all of the wrongs herein alleged occurred in this District.

## COVERAGE.

12. Defendants operates and control an enterprise and employs employees engaged in interstate commerce or in the production of goods for commerce, or have had employees handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all times relevant to this Complaint, Defendants comprised and enterprise "engaged in commerce" as defined in 29 U.S.C. § 203(s)(1)(A)(ii), because they had gross operating revenues in excess of $500,000.00.

14. At all times relevant to this Complaint, Buckel's work regularly involved her in commerce between the states in that Buckel regularly processed credit card transactions for customers of Defendant whose banks are located both inside of an outside of Ohio.

## FACTS.

15. At all times referenced herein, Defendant operated a gift shop and café located inside the East Liverpool Hospital.

16. Buckel is a former employee of Defendant.

17. Buckel first began working for Defendant in or around November of 2018.

18. Buckel worked in Defendant's café taking and serving customer orders.

19. Buckel was responsible for taking customer payments, to include processing credit card payments.

20. At times referenced herein, Buckel was paid hourly.

21. At all times referenced herein, Defendant represented to Buckel that she was being paid the minimum wage.

22. Buckel's 2018 paystubs show that Buckel was paid $8.30 per hour for each hour Defendant was willing to pay her for during 2018.

23. Defendant raised Buckel's purported hourly rate to $8.55 per hour in 2019.

24. Buckel's 2019 paystubs show that Buckel was paid $8.55 per hour for each hour Defendant was willing to pay her for during 2019.

25. Defendant would not have raised Buckel's pay to $8.55 per hour if it did not believe that Buckel was covered by the FLSA and/or the OMFWSA.

26. At all times referenced herein, Buckel would record her hours using Defendant's cash register.

27. At all times referenced herein, Reuter had access to Buckel's time records and was responsible for providing them to payroll.

28. Buckel frequently worked more than 40 hours per week for Defendants.

29. Citing budget concerns, Reuter frequently and regularly shorted or reduced Buckel's reported hours of work and promised Buckel that she would "bank" Buckel's unpaid hours.

30. Defendants failed and refused to pay Buckel an overtime premium of one and one-half times her regular rate of pay for any hours she worked in excess of 40 in a given week.

31. Buckel complained to Reuter about not being paid overtime.

32. Reuter falsely told Buckel that she was not entitled to overtime because East Liverpool City Hospital Auxiliary is a non-profit.

33. As a result of Defendants' unlawful time banking practices, Buckel was regularly paid a sub-minimum wage.

34. As a result of Defendants' unlawful time banking practices, Buckel was denied overtime pay to which she was entitled.

35. It was unlawful for Defendants to "bank" Buckel's hours in lieu of paying her.

36. Even in unlawfully banking Buckel's hours, Defendants failed to accurately record and "bank" all hours they shorted and/or removed from Buckel's hours worked.

37. Defendants' time banking practices violated the FLSA and the Ohio Minimum Fair Wages Standards Act.

38. Beginning in 2019, Reuter required Buckel to perform approximately 45 minutes of "prep" work before she would permit Buckel to clock in ("Off The Clock Policy").

39. Defendants' "Off The Clock Policy" further resulted in Buckel being paid a sub-minimum wage.

40. Defendants' "Off The Clock Policy" further resulted in Buckel not being paid overtime for all hours worked over 40 in a given week.

41. At all times referenced herein, Defendants automatically deducted 30 minutes from the hours Buckel reported for a "lunch," even if Buckel did not take a lunch.

42. Buckel complained to Reuter about getting "docked" for lunch breaks she did not take.

43. Reuter did not correct Buckel's pay after learning she had not taking a lunch, and instead told Buckel that she should take a lunch.

44. Defendants' lunch deduction further resulted in Buckel being paid a sub-minimum wage.

45. Defendants' lunch deduction further resulted in Buckel not being paid overtime for all hours worked over 40 in a given week.

46. Upon information and belief, Defendants knew that it is unlawful for private employers to "bank" their employee's overtime hours but did so anyways, willfully violating the FLSA.

47. It is well established that private employers, such as Defendants, cannot "bank" their employee's overtime hours.

48. One may easily learn that it is unlawful for private employers to "bank" their employee's overtime hours by doing a simple search on the internet.

49. Upon information and belief, Defendants knew that is unlawful to require an employee to work "off the clock," whether that time is before their scheduled shift, after their scheduled shift, or through an unpaid lunch, but required Buckel to work off the clock regardless.

50. Upon information and belief, Defendants failed to verify that the unlawful practices described herein complied with the FLSA.

51. Defendants' violation of the FLSA was willful.

52. Defendants did not and could not have had a reasonable, good faith belief that the pay practices described herein complied with the FLSA.

53. In or around March of 2019, Buckel resigned her employment with Defendants.

## COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA (29 U.S.C. § 207).

54. Buckel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

55. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

56. Buckel was not exempt from the right to receive overtime pay under the FLSA.

57. Buckel is entitled to be paid overtime compensation for all overtime hours worked.

58. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay overtime to its employees for their hours worked in excess of 40 hours per week.

59. At all times relevant to this action, Defendants willfully failed and refused to pay Buckel overtime wages (of time and one-half of at least the applicable Ohio minimum wage), as required by the FLSA, in amounts to be proven at trial.

60. Defendants either recklessly failed to investigate whether their failure to pay Buckel an overtime wage (of time and one-half of at least the applicable Ohio minimum wage) for all of the overtime hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Buckel to believe that Defendants were not required to her overtime wages, and/or Defendants concocted a scheme pursuant to which they deprived Buckel of the overtime pay she earned.

61. As a result of Defendants' failure to properly compensate Buckel at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week, Defendants violated the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

62. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Buckel is entitled to damages in the amount of her unpaid overtime compensation, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and other such legal and equitable relief as the Court deems just and proper, including her attorneys' fees and costs.

### COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, *et seq.*

64. Buckel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

65. The OMFWSA requires that covered employees be compensated for every hour worked in a workweek including payment of all earned overtime compensation. *See* O.R.C. §§ 4111.01, *et seq*.

66. Defendants violated the OMFWSA with respect to Buckel by failing to pay Buckel overtime compensation for any hours she worked over forty (40) in a week.

67. As a direct and proximate result of Defendants' unlawful conduct, Buckel has suffered and will continue to suffer a loss of income and other damages.

68. Having violated the OMFWSA, Defendants are liable to Buckel pursuant to O.R.C. § 4111.10 for the full amount of her unpaid overtime and for costs and reasonable attorneys' fees.

## COUNT III: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA (29 U.S.C. § 206).

69. Buckel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

70. Section 6 of the FLSA, 29 U.S.C. § 206, establishes the right to be paid minimum wages. Section 16(b) of the FLSA, 29 U.S.C. § 216(b), entitles an employee to recover all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

71. At times, Buckel's compensable activities off the clock caused Buckel's hourly rate to dip under minimum wage based on the compensation that she has already received.

72. At all times relevant to this action, Defendants willfully failed and refused to pay Buckel the federal minimum wages required by the FLSA, causing Buckel to suffer damage in amounts to be proven at trial.

73. Defendants either recklessly failed to investigate whether their failure to pay Buckel at least a minimum wage for all of the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Buckel to believe that Defendants' was not required to pay her at least a minimum wage, and/or Defendants' concocted a scheme pursuant to which it deprived Buckel the minimum wage pay she earned.

74. Upon information and belief, Defendants' has failed to make, keep, and preserve records with respect to Buckel, sufficient to determine the wages and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

75. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76. Defendants' violated the FLSA without a good faith belief that its conduct was lawful.

77. Buckel requests recovery of attorney's fees and costs associated with this cause as provided by 29 U.S.C. § 216(b).

**COUNT IV: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, *et seq*, BASED ON FAILURE TO PAY MINIMUM WAGE.**

78. Buckel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

79. At times, Buckel's compensable activities off the clock caused Buckel's hourly rate to dip under minimum wage based on the compensation that she has already received.

80. In denying compensation at the requisite Ohio minimum wage rate, Defendants' violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

81. Defendants' has failed to make, keep, and preserve records with respect to Buckel, sufficient to determine the wages and other conditions and practices of employment in violation of the OMFWSA, R.C. § 4111.08, et seq.

82. As a direct and proximate result of Defendants' unlawful conduct, Buckel has suffered and will continue to suffer a loss of income and other damages.

83. Having violated the OMFWSA, Defendants' is liable to Buckel pursuant to O.R.C. § 4111.10 for the full amount of her unpaid wages and for costs and reasonable attorneys' fees. Additionally, Defendants' is liable to Buckel for an amount equal to twice her unpaid wages. O.R.C. § 4111.14(J).

**COUNT V: VIOLATION OF THE OHIO PROMPT PAYMENT ACT, R.C. § 4113.51. (Asserted Against East Liverpool City Hospital Auxiliary, Inc. Only).**

84. Buckel restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. The Ohio Prompt Pay Act ("OPPA") required East Liverpool City Hospital Auxiliary to pay Buckel all wages, including unpaid overtime, on or before the first day of each month, for

wages earned by Buckel during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by Buckel during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

86. Buckel was not paid all wages due within thirty (30) days of her performing the work that entitled her to overtime. *See* O.R.C. §4113.15(B).

87. Buckel's unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

88. Buckel has been harmed and continues to be harmed by East Liverpool City Hospital Auxiliary's acts and/or omissions as described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Catherine Buckel requests judgment against all Defendants and for an Order:

(a) Awarding Plaintiff unpaid minimum wages and overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(b) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq.;

(c) Issuing a declaratory judgment that Defendant violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a), and the OMWFSA, R.C. § 4111.08;

(d) Awarding Buckel all remedies provided for by the OPPA, including interest and/or $200.00, whichever is greater.

(e) Awarding pre-judgment and post-judgment interest as provided by law;

(f) Awarding reasonable attorneys' fees and costs; and

(g) Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiff Catherine Buckel*

## JURY DEMAND

Plaintiff Catherine Buckel demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**